■ JEAN S. SHATZ, Appellant, v PHILLIP SHATZ, Respondent. — In an action, *inter alia,* to set aside a judgment of divorce, plaintiff wife appeals from (1) so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated March 23, 1981, as upon granting reargument of a prior judgment, adhered to its original determination granting defendant's second cross motion to dismiss plaintiff's third cause of action to set aside the divorce decree on the basis of defendant's fraud, and denying plaintiff's motion for summary judgment on the third cause of action and (2) so much of an order of the Supreme Court, Dutchess County (Daronco, J.), dated June 2, 1981, as failed to grant her temporary alimony. Order dated March 23, 1981 affirmed insofar as appealed from, without costs or disbursements. Order dated June 2, 1981 modified by adding a provision thereto, granting that branch of plaintiff's motion which sought temporary alimony, in the amount of $250 per week. As so modified, order affirmed insofar as appealed from, without costs or disbursements. In light of the fact that plaintiff is not self-supporting and has few liquid assets, temporary alimony should have been awarded. The order dated March 23, 1981 correctly adhered to the previous judgment granting summary judgment to the defendant on plaintiff's third cause of action. One element of a fraud action is a representation upon which one reasonably relies. It was unreasonable for plaintiff to rely on defendant's predivorce representation that he would reconcile with her after they were divorced. The defendant has since remarried. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.